[No. 15971.   Department One.   January 7, 1921.]

## LENA M. WALDEN, *Appellant*, v. CHARLES WALDEN, *Respondent*.[1]

APPEAL (417)—REVIEW—FINDINGS ON TRIAL DE NOVO.   A judg-
ment in favor of defendant in a divorce proceeding will not be dis-
turbed on appeal where the testimony is so contradictory that in
order to make a decision it would first be necessary to determine
which of the parties is to be believed, the trial court having the
advantage of having the witnesses before him, and an examination
of the record does not disclose that the judgment is against the pre-
ponderance of the evidence.

NEW TRIAL (35)—NEWLY DISCOVERED EVIDENCE — DILIGENCE IN
PROCURING.   It is not sufficient grounds for a new trial on the
ground of newly discovered evidence that a party to a divorce
action was ashamed to testify on the trial that her husband had
attempted to induce her to lead an immoral life for the purpose of
earning money, and because she believed she had introduced suf-
ficient testimony to entitle her to a divorce; nor is it sufficient
grounds for a new trial for a witness to afterwards make affidavit
to the effect that he did not disclose all he knew about the affairs
of the parties and that if given another opportunity he would tes-
tify that respondent habitually abused appellant and that their
domestic life had been one of continuous discord.

Appeal from a judgment of the superior court for
King county, W. G. McLaren, Esq., judge *pro tempore*,
entered November 7, 1919, upon findings in favor of
the defendant, in an action for a divorce.   Affirmed.

*Edwin James Brown, John C. Bowen*, and *Tucker &
Hyland*, for appellant.

*Howard O. Durk*, for respondent.

BRIDGES, J.—The appellant instituted suit against
the respondent for a divorce and for the custody of
their minor child.   From a judgment dismissing the
action without relief, she has appealed.

[1]Reported in 194 Pac. 544.

The appellant produced testimony to the effect that the respondent had acted toward her in a cruel manner and that, on more than one occasion, he had struck her and called her improper names. The respondent denied all this. It is impossible to reconcile the testimony. It is so contradictory that, in order to make a decision, it would be necessary first to determine which of the parties to the action is to be believed. The only matter about which there is no serious dispute is that the respondent, for the past two or three years, has been an industrious, hard-working man, earning good wages, practically all of which he turned over to his wife. We have carefully read the entire testimony. It would not serve any useful purpose for us to recite the details thereof. The lower court seems to have tried the case with great care and patience; he had before him the witnesses, and had a distinct advantage over us in determining whose testimony should be believed. He apparently chose to believe that of the respondent. It is impossible for us, from an examination of the record, to say that the judgment is against the preponderance of the evidence, and such being the fact, we cannot do otherwise than follow the lower court in this respect.

The appellant supported her motion for a new trial with her own affidavit wherein she says that, if a new trial be granted, she would testify that, while she and her husband were living in San Francisco, California, he attempted to induce her to lead an immoral life for the purpose of earning money, and that he so solicited her on many occasions. She further says that she did not testify to these facts at the trial because she was ashamed so to do, and for the further reason that she believed that she had introduced sufficient testimony to entitle her to a divorce. Her affidavit further states

that, after the trial, the respondent had admitted that he had, in some things, testified falsely.

This is not newly discovered evidence, and we search the statutes in vain for authority to grant a new trial on the ground that a party to an action considered it unnecessary or improper to use testimony which, at the time of the trial, he had and could have used.

Appellant also produced the affidavit of one Griffin in support of her motion for a new trial, wherein it is stated that affiant was a witness for the appellant at the trial, but did not disclose all he knew about the affairs of these parties, and that, if given another chance to testify, he would say that respondent habitually abused appellant and that their domestic life had been one of continuous discord. New trials cannot be granted for reasons of this character. As a matter of fact, this affidavit of Mr. Griffin is quite contrary to the spirit of the testimony he gave at the trial. At that time he led the court to think that he knew very little about the domestic affairs of these parties, and showed himself to be quite neutral. There are other affidavits in support of the motion for new trial, but they are of the general character of those we have here noticed and do not furnish valid grounds for a new trial. The judgment is affirmed.

HOLCOMB, C. J., MACKINTOSH, PARKER, and FULLERTON, JJ., concur.